NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-229

COMMONWEALTH

vs.

CORY M. RUFO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant, Cory M. Rufo, was convicted of improper storage of a firearm.[1]  On appeal, he contends that the evidence at trial was insufficient to prove that the firearm was unsecured as required under G. L. c. 140, § 131L.  Where the Commonwealth concedes that the evidence was insufficient to support a conviction of

_____

[1] The defendant was also charged with assault and battery on a family or household member (assault), stalking, intimidation of a witness, reckless endangerment of a child, and animal cruelty.  At trial, the judge allowed the defendant's motion for a required finding of not guilty of the stalking and intimidation of a witness counts, and the jury found the defendant not guilty of reckless endangerment of a child and animal cruelty.  The jury convicted the defendant of assault and improper storage of a firearm.  However, following trial, the defendant filed a motion for new trial challenging the convictions.  The motion judge, who was also the trial judge, allowed the motion on the assault count, and denied the motion on the improper storage of a firearm count.  The assault count was later dismissed for "lack of prosecution."

improper storage of a firearm, and where nothing in the record before us otherwise contradicts the defendant's claim and the Commonwealth's concession, we agree.

We apply the familiar Latimore test to determine "whether, after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis and citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "If, from the evidence, conflicting inferences are possible, it is for the [fact finder] to determine where the truth lies, for the weight and credibility of the evidence is wholly within their province." Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C., 450 Mass. 215 (2007) and 460 Mass. 12 (2011). See Commonwealth v. Nelson, 370 Mass. 192, 203 (1976) (evidence need not require jury to draw inference; sufficient that evidence permits inference to be drawn).

A conviction of improper storage of a firearm requires proof that (1) the item in question was a firearm; (2) the defendant knowingly kept or stored that firearm; and (3) the firearm was unsecured. Instruction 7.630 of the Criminal Model Jury Instructions for Use in the District Court (2021). The present case centers on the third element. "A firearm is properly secured when it is either stored in a locked container

or when it has an engaged tamper-resistant mechanical lock or other safety device."  Id.  See G. L. c. 140, § 131L (a), as amended by St. 2018, c. 123, § 14.[2]

Here, the Commonwealth concedes that "even when viewed in the light most favorable to the Commonwealth, the evidence did not meet the Latimore standard."  "Notwithstanding [that] concession of error, we have an independent obligation to review the matter and satisfy ourselves that an error occurred." Commonwealth v. Sueiras, 72 Mass. App. Ct. 439, 446 n.4 (2008). At trial, the evidence showed, in essence, that the defendant's firearm was on a table in the kitchen; the defendant's son and the defendant's girlfriend saw the firearm on the table; and the defendant's girlfriend took a photograph of the firearm.  The photograph, admitted in evidence, depicted the firearm inside a nylon holster.  It is undisputed that the holster covered the bulk of the firearm, including the trigger, from view, and that the Commonwealth introduced no further evidence whether a tamper-resistant lock or other safety device was on the firearm and engaged at that time.  The remaining record before us sheds

_____

[2] It does not change our analysis that the statute was amended after we took the case under consideration, because the relevant language remained the same.  See G. L. c. 140, § 131L (a), as amended by St. 2024, c. 135, §§ 67-70.

3

no further light on the issue whether the firearm was "secured" within the meaning of G. L. c. 140, § 131L.

Judgment reversed.

Verdict set aside.

Judgment for defendant.

By the Court (Vuono, Neyman & D'Angelo, JJ.[3]),

*Paul Little*

Clerk

Entered:  October 11, 2024.

---

[3] The panelists are listed in order of seniority.